```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                :
JEREL CLARK,                    :
                                :
         Petitioner,            :    Civ. No. 17-1674 (NLH)
                                :
     v.                         :    OPINION
                                :
UNITED STATES OF AMERICA        :
                                :
         Respondent.            :
_____:
```

APPEARANCES:
Jerel Clark, No. 64516-050
FCI - Gilmer
P.O. Box 6000
Glenville, WV 26351
     Petitioner Pro se

Diana Vondra Carrig, Esq.
Office of the U.S. Attorney
401 Market Street, 4th Floor
Camden, NJ 08101
     Counsel for Respondent

HILLMAN, District Judge

Petitioner Jerel Clark ("Petitioner"), a prisoner presently incarcerated at the Federal Correctional Institution at Gilmer in Glenville, West Virginia, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion"). ECF No. 1. Petitioner also filed a brief supplement to his § 2255 Motion. ECF No. 6. Respondent filed an Answer to the § 2255 Motion along with a Memorandum of Law, raising, inter alia, the timeliness of the § 2255 Motion. ECF No. 7. Petitioner did not file a reply. For the reasons that follow,

the § 2255 Motion will be dismissed with prejudice, because the petition is time barred.

**I. BACKGROUND**

On October 2, 2012, Petitioner was charged by criminal complaint with conspiracy to distribute and possess with intent to distribute over 500 grams of cocaine in violation of 21 U.S.C. 846. No. 13-cr-508, ECF No. 1. Petitioner entered into a plea agreement on April 11, 2013, in which Petitioner agreed to plead guilty to a one count information, which charges Petitioner with unlawful possession of a firearm in violation of 18 USC 922(g)(1) and 2. No. 13-cr-508, ECF No. 16, Plea Agreement. The plea agreement contained an appellate and collateral review waiver. No. 13-cr-508, ECF No. 16, Sch. A, ¶ 9 ("this Office and Jarel Clark waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255").

Pursuant to the plea agreement, Petitioner was so charged by information and pled guilty to one count of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). No. 13-cr-508, ECF Nos. 13 (information), 15 (minute entry for plea hearing). During his plea hearing, Petitioner executed an "Application for Permission to Enter Plea of Guilty," in which,

inter alia, Petitioner confirmed that he understood that his plea agreement waives his right to appeal or collaterally attack his sentence.  No. 13-cr-508, ECF No. 17 at 6.

On December 17, 2013, the Court conducted a sentencing hearing as to Petitioner's guilty plea and sentenced him to 84 months' imprisonment.  No. 13-cr-508, ECF Nos. 18 (minute entry), 19 (judgment of conviction).  Petitioner did not appeal his judgment of conviction or sentence.

Almost four years after Petitioner was sentenced, Petitioner file the instant § 2255 Motion on March 13, 2017.  ECF No. 1.  In the § 2255 Motion, Petitioner relies on Mathis v. United States, 136 S. Ct. 2243 (2016), for both his grounds for relief as well as the timeliness of his § 2255 Motion.  See ECF No. 1.  In the § 2255 Motion, Petitioner does not challenge the knowing and voluntariness of his guilty plea and plea agreement.

**II. STANDARD OF REVIEW**

Title 28, § 2255 of the United States Code provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate,

set aside or correct the sentence.

28 U.S.C. § 2255(a). See generally United States v. Thomas, 713 F.3d 165 (3d Cir. 2013) (detailing the legislative history of § 2255).

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. See United States v. Davies, 394 F.3d 182, 189 (3d Cir. 2005). Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).

Finally, this Court notes its duty to construe pro se pleadings liberally. See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

**III. DISCUSSION**

**A. Timeliness**

Petitioner's § 2255 Motion must be dismissed as untimely because it has been brought more than a year after his sentence became final, and Petitioner had notice and an opportunity to respond to the issue of timeliness.[1]

---

[1] The Court notes that even if Petitioner's § 2255 Motion were timely, those claims in his Motion that do not raise

4

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), motions filed pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations. See 28 U.S.C. §§ 2244(d), 2255(f)(1). Specifically, the one-year limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

constitutionally ineffective assistance of counsel issues (Grounds 1-4) would still be dismissed as precluded by the collateral attack waiver contained in his Plea Agreement, a waive Petitioner acknowledged when the Court accepted Petitioner's guilty plea. See No. 13-cr-508, ECF Nos. ECF No. 16, Sch. A, ¶ 9; 17 at 6. Although not barred by the collateral attack bar in his plea agreement because it can be construed to allege constitutionally ineffective assistance of counsel, Ground 5 is without merit. Ground 5 alleges Petitioner's counsel should have challenged his designation as a career offender by questioning one or more of the predicate offenses. Although the Court determined Petitioner was a Career Offender pursuant to U.S.S.G. § 4B1.2, that finding did not affect Petitioner's advisory guideline range (which in any event the Court varied downward from). First, despite the career offender designation, Petitioner's offense level of 23 was based solely upon his offense conduct and not the career offender guideline. The base offense level for the count of conviction was a 26, two points higher than the career offender base offense level (24). As for the second prong of a potential career offender enhancement, Petitioner's 21 criminal history points placed him squarely in Criminal History Category VI without any enhancement pursuant to the Career Offender Guideline. Plainly, any challenge to whether certain prior offenses qualified as predicate offenses, even if successful, would have not changed Petitioner's sentence.

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's judgement of conviction was entered on December 18, 2013. Petitioner did not file a direct appeal of his conviction or sentence. When a defendant "does not pursue a timely direct appeal to the court of appeals," his conviction becomes final within the meaning of § 2255(f)(1), and the one-year statute of limitations beings to run, "on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). For Petitioner, his conviction and sentence became final on January 2, 2014.[2] See Fed. R. App. P. 4(b)(1)(A)(i) (providing fourteen days in which a criminal defendant must file a notice of appeal after the entry of judgment). The time in which Petitioner had to file a timely § 2255 Motion pursuant to § 2255(f)(1) expired on January

---

[2] The fourteen-day period in which to appeal would expire on January 1, 2014. The Court takes judicial notice that January 1, 2014, was observed to be a legal, federal holiday; thus, pursuant to Federal Rule of Appellate Procedure 26(a)(1)(C), the expiration of the appeals period is extended an extra day to January 2, 2014.

6

2, 2014.  Petitioner's § 2255 Motion is thus untimely under § 2255(f)(1).

Petitioner asserts that his § 2255 Motion is timely under § 2255(f)(3), which provides for an additional year to bring a claim asserted under a retroactively applied right recognized by the Supreme Court of the United States.  In support of his argument, Petitioner cites Mathis v. United States, 136 S. Ct. 2243 (2016), as triggering a new one-year limitations period.  Petitioner's argument fails because Mathis did not announce a new rule that would trigger § 2255(f)(3)'s statute of limitations.  See Mathis, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case.  For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements."); see, e.g., Dawkins v. United States, 829 F.3d 549, 551 (7th Cir. 2016) ("Mathis did not announce such a rule."); United States v. Taylor, 672 F. App'x 860, 862-63 (10 Cir. 2016) ("Mathis did not announce a new rule."); Jackson v. Kirby, No. 17-cv-4651, 2017 WL 3908868, at *1, n.1 (D.N.J. Sept. 6, 2017) (noting that neither the Supreme Court nor the Third Circuit Court of Appeals has held that Mathis is retroactively applicable on collateral review); United States v. Gadsden, No. 09-305, 2017 WL 6316566 at *2, 2017 U.S. Dist. LEXIS 202795 at *6 (W.D. Pa. Dec. 11, 2017) ("there is

nothing 'new' about Mathis"). Because Mathis does not trigger a new limitations period under § 2255(f)(3), Petitioner's § 2255 Motion remains untimely under § 2255(f)(1) and must be dismissed.

**B. Tolling**

As set forth above, the § 2255 Motion is time-barred unless Petitioner can demonstrate extraordinary circumstances to justify equitable tolling of the limitations period.  In Holland v. Florida, the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis.  560 U.S. 631, 649–50 (2010).  See Ross v. Varano, 712 F.3d 784, 798 (3d Cir. 2013).  A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  See also United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 (3d Cir. 2013).

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence.  Holland, 560 U.S. at 653.  Reasonable diligence is examined

8

under a subjective test, and it must be considered in light of the particular circumstances of the case. See Ross, 712 F.3d at 799; Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.") (internal quotation marks and citations omitted).

The court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling. Holland, 560 U.S. at 651 (citations omitted). See also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a . . . prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275–276 (3d Cir. 2005). See also Holland, 560 U.S. at 648–49 (relying on Pace, 544 U.S. at 418); Jenkins, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly and only when the "principles of equity would make the rigid application of a limitation period

9

unfair").

Indeed, extraordinary circumstances have been found only where (a) the respondent has actively misled the plaintiff, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)). Here, Petitioner has offered no explanation for the delay in bringing his federal habeas petition which would allow this Court to consider equitable tolling. Accordingly, the § 2255 Motion will be dismissed as untimely.

**IV. CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice

or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue.

**V. CONCLUSION**

For the foregoing reasons, the § 2255 Motion is dismissed without prejudice as untimely. See 28 U.S.C. § 2255(f).

An appropriate Order will follow.


Dated: March 19, 2018          s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.